| DATE<br>10/21/2022 | U. S. Pretrial Services and Probation Office<br>Northern District of Ohio | VIOLATION REPORT<br>Warrant Request | PROB 12C<br>(Rev. 11/2017) |
|---|---|---|---|

| NAME<br>BROWN, Richard | PACTS<br>7172443 | JUDGE<br>LIOI | DOCKET #<br>1:20CR00564-001 |
|---|---|---|---|

| SENTENCE DATE<br>04/01/2021 | SUPERVISION TYPE<br>TSR | CRIMINAL HIST<br>IV | OFFENSE LEV<br>9 | PHOTO |
|---|---|---|---|---|

| ASST. U.S. ATTORNEY<br>Vasile C. Katsaros<br>Vasile.katsaros@usdoj.gov<br>216-622-3876 | DEFENSE ATTORNEY<br>John W. Greven<br>Greven214@aol.com<br>330-376-9260 |
|---|---|

| REPORT PURPOSE<br>JUDICIAL RESPONSE REQUESTED |
|---|

| ORIGINAL OFFENSE<br>Count 1: 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) – Distribution of Cocaine, a Class C felony. |
|---|

**SENTENCE DISPOSITION**
9 months custody Bureau of Prisons as to Count 1 of the Indictment, with credit for time served, followed by 3 years supervised release.

Mr. Brown was released from federal custody on 07/08/2021. On 07/12/2021, he was taken into custody for an Adult Parole Authority warrant and remained in custody until 07/08/2022. As such, his term of supervised release commenced on 07/08/2022.

**SPECIAL CONDITIONS**
1. Substance Abuse Treatment and Testing
2. Mental Health Treatment
3. Search and Seizure
4. Location Monitoring Program (9 months)
5. Cognitive Behavioral Treatment
6. Anger Management Treatment
7. Reentry Program
8. Special Assessment $100.00 (Balance $100.00)

The probation officer believes that the offender has violated the following condition(s) of supervision:

| VIOLATION NUMBER | NATURE OF NONCOMPLIANCE |
|---|---|
| 1. | **Unauthorized Use of Drugs:** On July 11, 2022, August 19, 2022, and September 8, 2022, Mr. Brown furnished urine specimens that were confirmed positive for marijuana by Abbott Toxicology Inc., on July 15, 2022, August 25, 2022, and September 18, 2022, respectively. |
| 2. | **Violation of Standard Condition #10, You must now own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon:** On October 14, 2022, Mr. Brown was found in possession of a firearm and ammunition. |

**ADJUSTMENT TO SUPERVISION**
This report has been prepared to inform the Court of Mr. Brown's continued noncompliance while on supervised release and to respectfully request that a warrant be issued and lodged as a detainer. This is the fourth report written to the Court to address noncompliance. Please be aware of the following.

| DATE<br>10/21/2022 | U. S. Pretrial Services and Probation Office<br>Northern District of Ohio | **VIOLATION REPORT**<br>Warrant Request | PROB 12C<br>(Rev. 11/2017) |
|---|---|---|---|
| NAME<br>BROWN, Richard | PACTS<br>7172443 | JUDGE<br>LIOI | DOCKET #<br>1:20CR00564-001 |

**Violation #1 - Unauthorized Use of Drugs**: On July 11, 2022, August 19, 2022, and September 8, 2022, Mr. Brown furnished urine specimens that were confirmed positive for marijuana by Abbott Toxicology Inc., on July 15, 2022, August 25, 2022, and September 18, 2022, respectively.

As it relates to the positive urine screen dated July 11, 2022, Mr. Brown stated he smoked marijuana while he was incarcerated, and he was adamant that he has not reused marijuana since being release from state custody on July 8, 2022. Mr. Brown was referred to Moore Counseling and Mediation Services for the completion of a substance abuse and mental health assessment.

On August 21, 2022, this officer spoke to Mr. Brown about his second positive urine screen dated August 19, 2022. Mr. Brown admitted that he smoked marijuana at his child's mothers house three (3) weeks prior. He was apologetic and stated he knows he made a poor decision. Mr. Brown advised that he would no longer smoke marijuana.

When questioned about his positive urine screen dated September 8, 2022, Mr. Brown stated he had not smoked marijuana since his last reported use to this officer. On September 20, 2022 and October 5, 2022, Mr. Brown furnished urine specimens that were negative for the presence of any illicit substances.

**Violation #2 - Violation of Standard Condition #10, You must now own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon:** On October 14, 2022, Mr. Brown was found in possession of a firearm and ammunition.

On October 14, 2022, the Adult Parole Authority (APA) arrested Richard Brown for possessing a firearm and ammunition during a probable cause search of his residence, located at 8114 Crumb Avenue, Cleveland, Ohio 44103. During the search, officers located a baggy of suspected marijuana, a digital scale, a baggy of pills identified with K9 markings, and a Freedom Ordnance, model FX-9, 9mm, loaded with twenty-nine (29) rounds of 9mm ammunition under the living room couch where Mr. Brown was sleeping.

During the recorded interview with Mr. Brown, he admitted multiple times to possessing the firearm. He was then transported to the Cuyahoga County Jail and booked on a parole violation. Mr. Brown remains in custody as of the date of this report.

The following summarizes Mr. Brown's response to supervision and his activities.

**Employment Stability:** Mr. Brown is unemployed. He was working with this officer to obtain employment.

**Residential Stability:** Mr. Brown is currently in custody for a parole violation. Prior to his arrest, he was residing with his sister at 8114 Crumb Avenue, Cleveland, Ohio 44103.

**Substance Abuse:** Mr. Brown was referred for a substance abuse assessment at Moore Counseling and Mediation Services. On August 8, 2022, Mr. Brown completed his assessment and was recommended for intensive outpatient treatment and weekly random urinalysis. He was engaged in

| DATE<br>10/21/2022 | U. S. Pretrial Services<br>and Probation Office<br>Northern District of Ohio | **VIOLATION REPORT**<br>**Warrant Request** | PROB 12C<br>(Rev. 11/2017) |
|---|---|---|---|
| NAME<br>BROWN, Richard | PACTS<br>7172443 | JUDGE<br>LIOI | DOCKET #<br>1:20CR00564-001 |

intensive outpatient treatment and enrolled on the Code-A-Phone drug testing system to collect random urinalysis.

**Mental Health:** Mr. Brown was referred for a mental health assessment at Moore Counseling and Mediation Services. On August 8, 2022, Mr. Brown completed his assessment and was recommended for a psychiatric evaluation accompanied by medication monitoring. On September 3, 2022, Mr. Brown completed his psychiatric evaluation, and he was diagnosed with severe Cannabis Use Disorder, Posttraumatic Stress Disorder, mild Major Depressive Disorder, recurrent episode, and unspecified Bipolar I Disorder, current or most recent episode depressed. The plan was to start Mr. Brown on Lamotrigine 25mg 1 tab for fourteen (14) days then BID and Sertraline 50mg 1 tab QD. He was recommended continued case management services, psychosocial counseling, and substances abuse counseling.

**Location Monitoring Program:** Mr. Brown began location monitoring on July 11, 2022. He was mostly compliant with the location monitoring conditions; however, he would sometimes leave earlier than approved and comes home late. Mr. Brown indicated that his early departure and late arrivals were due to his bus route. The undersigned officer was considering switching Mr. Brown to a GPS unit if his behavior continued. However, on October 14, 2022, Mr. Brown was removed from location monitoring due to his arrest by the Adult Parole Authority.

**Cognitive Behavioral Treatment (CBT):** Mr. Brown was not referred to participate in CBT classes as priority was placed on Mr. Brown's mental health and substance abuse needs prior to participating in CBT sessions.

**Anger Management Treatment:** Mr. Brown was not referred to participate in Anger Management classes as priority was placed on addressing Mr. Brown's mental health and substance abuse needs before he commenced this program

**Reentry Program:** Mr. Brown observed Reentry Court on July 20, 2022 and expressed interest in participating in the program. On September 12, 2022, Mr. Brown met with this officer to review the Reentry Court Participant Agreement, and his entrance into the program was being reviewed.

**Plan of Action:** The undersigned probation officer respectfully requests that a warrant be issued and lodged as a detainer while Mr. Brown is in state custody.

Pursuant to *U.S. v. Booker and U.S. v Fanfan*, the following United States Sentencing Guideline applications are being provided to the Court solely for advisory purposes.

**SENTENCING OPTIONS**
**Statutory Provisions:** If the person on supervision violates a condition of supervised release, the Court may extend the term of supervised release and may modify, reduce or enlarge the conditions, 18 U.S.C. § 3583(e)(2) or revoke the term of supervised release, 18 U.S.C. § 3583(e)(3), or place a person on supervision under electronic monitoring (only as a special condition), 18 U.S.C. § 3583(e)(4).

The PROTECT Act, which went into effect April 30, 2003, allows no adjustment for prison time for

| DATE<br>10/21/2022 | U. S. Pretrial Services<br>and Probation Office<br>Northern District of Ohio | **VIOLATION REPORT**<br>**Warrant Request** | | PROB 12C<br>(Rev. 11/2017) |
|---|---|---|---|---|
| NAME<br>BROWN, Richard | | PACTS<br>7172443 | JUDGE<br>LIOI | DOCKET #<br>1:20CR00564-001 |

any previous revocation of supervised release. The permissible length of a new term of supervised release (TSR) is the authorized term of supervised release for the original offense minus the custody term imposed for any revocation. No credit is given for street time.

If the Court finds that the person on supervision has violated a condition of supervised release and decides to impose a term of imprisonment, it must consider, but can disregard, the policy statements in effect on the date the person under supervision is sentenced, 18 U.S.C. § 3553(a)(4)(B) and impose a sentence of imprisonment up to the statutory maximum. The Statutory Maximum in this case is 2 years, as the offense of conviction is a Class C felony, 18 U.S.C. § 3583(e)(3).

If the Court revokes supervised release and imposes a term of imprisonment, it may, pursuant to 18 U.S.C. § 3583(h), reimpose a term of supervised release. As the offense of conviction is under 21 U.S.C. § 841(a) and (b), the Court may impose any term of supervised release as the maximum term of supervised release is life, 18 U.S.C. § 3583(b) and (h).

Pursuant to 18 U.S.C. § 3583(g), revocation of supervised release and a sentence of imprisonment is mandatory for a defendant found in possession of a controlled substance, possession of a firearm, for refusal to comply with drug testing, or as a part of drug testing, tests positive for illegal controlled substances more than three times over the course of one year. The Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3).

**Guidelines Provisions:** Application of policy statements found in Chapter 7 of the Guideline Manual result in a revocation range of imprisonment of 24 to 30 months, U.S.S.G. § 7B1.4(a). The range of imprisonment is based on the most serious violation alleged being a Grade A violation, U.S.S.G. § 7B1.1(a)(1) and the person on supervision having a Criminal History Category of IV, U.S.S.G. § 7B1.4, Application Note 1. *However, the statutory maximum in this case is 24 months; therefore, the revocation range of imprisonment becomes 24 months.*

If the Court revokes supervised release and imposes a term of imprisonment, it may reimpose any term of supervised release, U.S.S.G. § 7B1.3(g)(2). A Violation Worksheet is attached.

Pursuant to U.S.S.G. § 7B1.3(a)(1), upon a finding of a Grade A or B violation, the Court shall revoke supervised release.

Pursuant to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under Guideline 7B1.4 (Term of Imprisonment), and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment. *Mr. Brown has 179 days of unserved home detention.*

Pursuant to U.S.S.G. § 7B1.3(f), any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment

4

| DATE<br>10/21/2022 | U. S. Pretrial Services<br>and Probation Office<br>Northern District of Ohio | **VIOLATION REPORT**<br>**Warrant Request** | PROB 12C<br>(Rev. 11/2017) |
|---|---|---|---|
| NAME<br>BROWN, Richard | | PACTS<br>7172443 | JUDGE<br>LIOI | DOCKET #<br>1:20CR00564-001 |

| that the person under supervision is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.<br><br>This completes the text of the report. Proceed to the signature page. | |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct.<br>**U.S. PRETRIAL SERVICES & PROBATION OFFICER**<br><br>*/s/ Diana Samad*<br><br>Diana Samad<br>216-357-7330 | DISTRIBUTION<br><br>COURT        CPO |
| SUPERVISING U.S. PRETRIAL SERVICES & PROBATION OFFICER<br><br>*/s/ Jennifer Truxall*<br><br>Jennifer Truxall<br>216-357-7354 | PROBATION ROUTING<br><br>Data Entry        Data Collections |

## RECOMMENDING TO THE COURT

- ☐ Supervision to be Continued
- ☒ To issue a Warrant
- ☐ To issue a Summons
- ☐ Follow-up report to an Emergency Warrant issued on .

**THE COURT ORDERS:**

- ☐ The issuance of a Warrant.
- ☐ The issuance of a Summons.
- ☐ The request is denied.
- ☐ Supervision to be Continued.
- ☒ The referral of this case to the Magistrate Judge as designated by the Clerk's Office to conduct the appropriate proceedings, except for sentencing, if sentencing is necessary. If a revocation hearing is required, the assigned Magistrate Judge is to conduct the hearing and then file a report and recommendation.

   Magistrate Judge Assigned    Amanda M. Knapp

- ☐ Alternative Judicial Order (Please Specify)

_____    October 25, 2022
Signature of Judicial Officer        Date

AO 442 (Rev/11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
Northern District of Ohio

| United States of America | )  |
|---|---|
| v. | ) |
|  | ) |
| Richard Brown | ) Docket Number [0647 1:20CR00564]-[001] |
|  | ) |
| *Defendant* | ) |

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States Judge without unnecessary delay
*(name of the person to be arrested)*   Richard Brown                                          ,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment    ☐ Superseding Indictment    ☐ Information    ☐ Superseding Information    ☐ Complaint

☐ Probation Violation Petition    ☒ Supervised Release Violation Petition    ☐ Violation Notice    ☐ Order of the Court

This offense is briefly described as follows:
Unauthorized Use of Drugs and Violation of Standard Condition #10 (You must now own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon)

Date   October 25, 2022

*Issuing officer's signature*

City and state:   Akron,   Ohio

Sara Lioi, UNITED STATES DISTRICT JUDGE
*Printed name and title*

---

**Return**

This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____
at *(city and state)*                                           .

Date: _____

*Arresting officer's signature*

*Printed name and title*